IN THE MATTER OF THE FINAL JUDICIAL SETTLEMENT OF THE ACCOUNT OF NATHANIEL NILES, AS ADMINISTRATOR, ETC., OF CHAUNCEY S. STEVENS, DECEASED.

*Appointment by a surrogate, of a referee to hear and determine a question arising upon the settlement of an account — Code of Civil Procedure, sec. 2546 — the referee acts as the surrogate as to the trial of the issue, and settles the case if one is made.*

Where a surrogate, acting under the power conferred upon him by section 2546 of the Code of Civil Procedure, has appointed a referee to hear and determine all questions arising upon the settlement of an account of an administrator, to which objections have been filed, and the report of the referee has been made and confirmed by the surrogate, the surrogate is not required to file a decision stating separately his findings of fact and conclusions of law, nor has he any duty to discharge in respect to the settlement of the case on appeal.

The referee is, to all intents and purposes, the surrogate, so far as respects the trial of the issue before him, and if a case is to be made the referee will settle it, if necessary, in accordance with the practice in the Supreme Court, so far as applicable.

APPEAL from an order made by the surrogate of King's county denying a motion to vacate a decree, entered on October 4, 1886.

In this case a referee was, under section 2546 of the Code, duly appointed by the surrogate "to examine an account rendered and to hear and determine all questions arising upon the settlement of such account." A trial was had before the referee, who made a report containing findings of fact and conclusions of law, which report was in all respects confirmed. A decree was thereupon entered October 4, 1886, from which the appellant took an appeal on October 30, 1886. Thereafter and on the 11th day of November, 1886, the appellant moved before the surrogate to vacate this decree on the grounds (1.) That the referee refused to pass upon certain requests to find; (2.) That the surrogate refused to pass upon certain requests to find; and (3.) That no decision or findings as required by section 2545 of the Code has been made, found or filed by the surrogate. This motion was denied, and an appeal therefrom was taken to this court.

*Marston Niles*, for Nathaniel Niles, appellant.

*Merritt E. Sawyer*, for the contestants, Hannah M. Stevens and Elizabeth S. Miller, respondents.

BARNARD, P. J.:

There does not appear to be any good ground for this appeal. Nathaniel Niles, an administrator of the estate of a deceased person, made and filed his account to which objections were filed. By section 2546 of the Code, a surrogate may refer a disputed account, such as this was, to a referee to hear and determine all questions arising upon the settlement, subject to the confirmation of his report by the surrogate. The surrogate's referee has the same power as a referee appointed by the Supreme Court, and the provisions applicable to a referee in the Supreme Court are to be applied to the referee from the surrogate, without regard to form of proceeding. The referee in this case made his report and the same was approved by the surrogate. The surrogate has no duty in respect to the settlement of the case. By section 2545 of the Code the surrogate is required to file a decision stating separately his findings of fact and conclusions of law. This section refers to trials conducted before the surrogate as a trial court, and not to those issues which can be and are referred to a referee to hear and determine. As to such references the next section applies and the same rules govern as are applicable to a reference in the Supreme Court. The referee is to all intents and purposes the surrogate, so far as respects the trial of the issue before him. If a case is made of the proceedings the referee will settle it of necessity, in accordance with the practice in the Supreme Court, so far as applicable. Theoretically, he alone knows the history of the trial, and by section 997 of the Code a case in the Supreme Court must be settled by a referee when he is the trial court. The power of confirmation does not change the case. If the surrogate confirms or refuses to confirm, his action is to be reviewed upon the proceedings had before the referee. No provision is made for new findings by the surrogate in case of disapproval. No doubt the surrogate can send the report back for correction or conduct a new trial himself. The issue before the referee must be the subject of a separate appeal if confirmed by the surrogate, and an appeal be desired, or if it be refused confirmation and an appeal from that action be desired. The findings of fact are to be presented in the settlement of the case, in issues before the surrogate, according to section 2545 of the Code, and this provision will apply to referees who try issues from that court.

The surrogate had no findings of fact to make and the time has not come to review a refusal of the referee to find. The confirmation of this report is an approval of the rulings of the referee, and the appeal to this court will present this conclusion of the surrogate for review.

The surrogate's order should, therefore, be affirmed, with costs and disbursements.

PRATT and DYKMAN, JJ., concurred.

Order affirmed, with costs.